Argued January 3, affirmed January 18, 1967

# PERRY ET AL v. STATE TAX COMMISSION
### and
# CITY OF PORTLAND
### and
# PORTLAND CENTER DEVELOPMENT CO.
422 P. 2d 578

*Charles S. Evans,* Deputy District Attorney, Portland, argued the cause for appellants. With him on the briefs was George Van Hoomissen, District Attorney, Portland.

*Ira W. Jones,* Assistant Attorney General, Salem, argued the cause for respondents Hoefke et al. *Oliver*

*I. Norville,* Portland, argued for taxpayer-respondent, and *Maurice O. Georges,* Portland, argued for intervenor-respondent. With them on the brief were Robert Y. Thornton, Attorney General, Salem, for respondents Hoefke et al, and King, Miller, Anderson, Nash & Yerke, and Harvey C. Barragar, Portland, for intervenor-respondent.

Before McAllister, Presiding Justice, and Sloan, O'Connell, Goodwin, Denecke, Holman and Lusk, Justices.

PER CURIAM.

This is an appeal by the Multnomah county Assessor and the Tax Collector, from a decree of the Oregon Tax Court holding that certain real property in the South Auditorium Urban Renewal project in Portland was not subject to taxation in the 1963-64 tax year.

The City of Portland, acting through its urban renewal agency, the Portland Development Commission, undertook the South Auditorium Urban Renewal project. In 1958 a redevelopment plan for the project was adopted by the Development Commission and approved by the Urban Renewal Administration. In December, 1958, a Loan and Capital Grant Contract providing for the financing of the project was entered into by the Development Commission with the United States. In November, 1962, the Development Commission selected the Portland Center Redevelopment Corporation as the redeveloper for a major portion of the project. On April 8, 1963, the Development Commission and the Redeveloper entered into an agreement for the sale by the city to the Redeveloper of certain land in the renewal project area for development in accord-

ance with the plan.[1]  The total price to be paid by the Redeveloper was $4,100,000, of which $410,000 was paid as security when the contract was executed. The contract provided for the redevelopment of the area in three phases, each involving a separate parcel of the land described in the contract.

The contract required the Development Commission to (a) prepare the property for redevelopment, including the demolition and removal of all existing structures, and the removal of pavement, sidewalks and utility lines, and (b) to provide certain site improvements in the area as required by the redevelopment plan, including pavement, sidewalks and street lighting, the installation of utilities and the replatting, dedicating and rezoning of the property.

The contract required the Redeveloper, as a condition precedent to the obligation of the Development Commission to convey the property, to submit to the Development Commission preliminary architectural and site plans, and to submit satisfactory evidence that the Redeveloper had the equity capital and commitments for mortgage financing for the construction of the improvements. Delivery of the deed and possession of the property to the Redeveloper was contingent upon performance of all conditions precedent.

On January 1, 1963, the property was owned by the City of Portland and exempt from taxation. If exempt property is transferred between January 1 and June 30 to taxable ownership, it shall be taxable for the ensuing fiscal year. ORS 311.410 (4). The Assessor placed the parcel of real property involved in the first phase of the development on the Multnomah county

---

[1] The Redeveloper assigned its interest in the contract to the Portland Center Development Co., a partnership, the intervenor herein.

assessment roll for the 1963-64 tax year, on the theory that after the contract of April 8, 1963 was executed the land was being "held" by the Redeveloper within the meaning of ORS 307.100.[2] An appeal was taken to the State Tax Commission, which concluded that during the assessment period the property was still "held" by the City of Portland, and consequently not subject to taxation. Plaintiffs then appealed to the Tax Court, which affirmed the Tax Commission on the ground that because neither party had yet performed the conditions precedent imposed by the contract of April 8, 1963, the Redeveloper did not have either possession or the right to possession and did not hold the property during the first half of 1963. See the opinion of the Tax Court, 2 OTR Adv Sh 341 (January 6, 1966).

The decree of the Tax Court is affirmed without further opinion.

---

[2] ORS 307.100 "Lands held under a contract for the purchase thereof, belonging to the state or any institution or department thereof, or to any county, municipal corporation or political subdivision of the state, together with the improvements thereon, shall be considered, for all purposes of taxation, as the real property of the person so holding the same. * * *"